# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF GEORGIA
# VALDOSTA DIVISION

**FERRELL WALKER,**

    Petitioner,

v.

**UNITED STATES OF AMERICA,**

    Respondent.

CASE NO. 7:07-CR-30

**ORDER**

This case is before the Court on Petitioner's Rule 60(b)(6) Motion for Relief (Doc. 72).

On August 23, 2007, Petitioner pleaded guilty to an Information charging him with possession of child pornography, in violation of 18 U.S.C. § 2252(A)(4)(B). He was sentenced to 87 months imprisonment, to be followed by a period of supervised release of 25 years, and a fine of $2,000. Petitioner appealed his sentence to the Eleventh Circuit, which affirmed the sentence.

On August 18, 2009, Petitioner filed a motion to vacate his sentence pursuant to 28 U.S.C. § 2255. Petitioner alleged several grounds for relief, including that his trial counsel was ineffective for allowing him to plead guilty while taking Zoloft and Klonopin. Petitioner asserted that his guilty plea was not knowingly and voluntarily given because he was under the influence of the medications.

Former United States Magistrate Judge G. Mallon Faircloth conducted an evidentiary hearing on the § 2255 motion on December 14, 2009. Petitioner was represented by counsel at the hearing, and the medication issue was thoroughly explored. Following the hearing, the Magistrate Judge entered a Report and Recommendation rejecting Petitioner's ineffective assistance of counsel claim, finding that there was no evidence that the Zoloft or Klonopin had any adverse effect on Petitioner's ability to knowingly and voluntarily enter his guilty plea.

Petitioner filed objections to the Report and Recommendation, and again asserted that he was not competent to enter the guilty plea because of the medication. On October 13, 2010, the Court entered an order overruling Petitioner's objections, adopting the Report and Recommendation, and denying the § 2255 motion in its entirety. Judgment denying the § 2255 motion was entered on October 14, 2010.

Petitioner subsequently filed a notice of appeal from the order denying the § 2255 motion and moved for a certificate of appealability. The motion for certificate of appealability was denied, and the Eleventh Circuit later denied a motion for certificate of appealability filed in that court.

On October 17, 2011, almost one year after the Court denied the § 2255 motion, Petitioner filed the pending Rule 60 motion, and requested that the judgment on the § 2255 motion be reopened. Petitioner contends that he did not knowingly

and voluntarily enter his guilty plea because he had, on his own volition, been taking four times the recommended dose of Klonopin prior to the change of plea hearing, and also took the Klonopin on the day of the hearing. He asserts that it is "unreasonable to presume that I could have been completely sober and in my right state of mind in order to enter into a plea and be fully aware of its effects."

Federal Rule of Civil Procedure 60(b)(6) provides in pertinent part that "[t]he court may relieve a party . . . from a final judgment, order, or proceeding for the following reasons: (6) any other reason that justifies relief." Fed.R.Civ.P. 60(b)(6). A movant seeking relief under Rule 60(b)(6) must show extraordinary circumstances justifying the reopening of a final judgment. Gonzalez v. Crosby, 545 U.S. 524, 532, 125 S.Ct. 2641 (2005). However, a petitioner cannot use a Rule 60 motion as an end-around the requirement that a petitioner receive permission from the court of appeals to file a second or successive habeas petition. *See* Farris v. United States, 333 F.3d 1211, 1216 (11th Cir. 2003) (stating that in order to file a second or successive § 2255 motion, the movant must file an application with the court of appeals for an order authorizing the district court to consider the motion).

Petitioner's previously filed § 2255 motion was denied on its merits, and in his Rule 60 motion he attempts to challenge the previous resolution of his claim on the merits. An attempt to challenge a previous resolution of a claim on the merits should be treated like a habeas application. Gonzalez, 545 U.S. at 532. The Court finds that

3

Petitioner's Rule 60 motion is a second or successive § 2255 motion. Petitioner was required to obtain authorization from the Eleventh Circuit to file another § 2255 motion, which he did not. Without such authorization, the Court lacks jurisdiction to consider the motion. *See* Farris, 333 F.3d at 1216; El-Amin v. United States, 172 Fed. Appx. 942, 946 (11th Cir. 2006).[1]

Petitioner's Rule 60(b)(6) Motion for Relief (Doc. 72) is dismissed for lack of jurisdiction.

**SO ORDERED**, this the 16th day of February, 2012.

*s/ Hugh Lawson*
**HUGH LAWSON, SENIOR JUDGE**

mbh

---

[1] It is worth noting that in its order denying Petitioner's motion for certificate of appealability on his § 2255 motion, the Eleventh Circuit found that Petitioner's counsel waived his claims that his trial counsel was ineffective for allowing him to plead guilty while on medication (Doc. 71).